UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Neal David Sutz, | Case No. 25-cv-3810-ECT-EMB |
| Plaintiff, | |
| v. | **ORDER** |
| Michael James Lindell, Lauren Elena Witzke, Mike Lindell Media Corporation, | |
| Defendants. | |

---

Pro se Plaintiff Neal David Sutz has filed three motions. They are frivolous. (1) Mr. Sutz asks the "Court to approve and validate" service of process attempted on October 17, 2025. ECF No. 8. This motion will be denied. Though a federal court may determine the sufficiency of process or service of process when a defendant presents these defenses, Fed. R. Civ. P. 12(b)(4), (5), the law does not ordinarily permit a federal court to answer these same questions in a plaintiff's favor in isolation from any other issue. This result is also justified here because the information Mr. Sutz submitted to support the motion raises substantial questions regarding the sufficiency of service. (2) Mr. Sutz seeks a default judgment. ECF No. 10. This motion will be denied because the Clerk has not entered any Defendant's default. Fed. R. Civ. P. 55(a). (3) Mr. Sutz seeks an expedited decision in his favor on the relief requested in his Complaint and on his default-judgment motion. ECF No. 12. This motion will be denied because Mr. Sutz's request for a default judgment is

not proper and because, apart from default-judgment proceedings, courts don't issue final judgments in one party's favor without hearing from the other side.

The fact that these motions are frivolous is just one of several problems associated with this case and Mr. Sutz's prosecution of it. (1) Mr. Sutz's Complaint and other filings are not readily comprehensible. *See* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain "a short and plain statement . . . showing the pleader is entitled to relief"). (2) Though Mr. Sutz was warned that the law requires him, notwithstanding his pro se status, to comply with all substantive and procedural law, including this District's Local Rules, *see Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."), his motions do not comply with the rules. (3) Mr. Sutz attached child-sexual-abuse materials to his Complaint. I cannot conceive of why that was necessary or appropriate. (4) Mr. Sutz has called the Court several times seeking legal advice. The Court cannot furnish legal advice. If Mr. Sutz wants legal advice, he needs to get that from a lawyer who agrees to assist or represent Mr. Sutz.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's First Motion for More Definite Statement [ECF No. 8] is **DENIED**.

2. Plaintiff's First Motion for Default Judgment [ECF No. 10] is **DENIED**. This denial is without prejudice to Plaintiff's right to seek default judgment in compliance with the law, including all applicable rules.

3

3. Plaintiff's First Motion [for an] Expedited Decision in Favor of Plaintiff's Original Complaint and Plaintiff's Subsequent Motion for Default Judgment [ECF No. 12] is **DENIED**.

Dated: November 19, 2025         s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court